# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| RONALD W. COOPER, | : | Case No. 2:23-cv-2223 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| WARDEN, PICKAWAY | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Pickaway Correctional Center, in Orient, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 3).  Petitioner seeks relief from his 2020 Muskingum County convictions for one count of drug trafficking with a major drug offender specification and one count of fabrication of a vehicle with a hidden compartment.  (Doc. 3, at PageID 30).[1]  This matter is now before the Court on the petition (Doc. 3) and respondent's motion to dismiss the petition on the grounds that it contains procedurally defaulted claims, is non-cognizable, and is time-barred (Doc. 8).  Petitioner has not responded to respondent's motion to dismiss (Doc. 8) and the time to do so has now passed.

For the reasons that follow, it is recommended that the motion to dismiss (Doc. 8) be **GRANTED** and that the petition (Doc. 3) be **DISMISSED** with prejudice as time-barred.  In light of the undersigned's finding that the petition is time-barred, the undersigned does not reach respondent's alternative arguments that the petition is subject to dismissal because it contains

---

[1]Petitioner erroneously indicates in his petition that the date of his conviction was August 10, 2022, in Case No. 2022-CR-188.  (Doc. 3, at PageID 30).  The state-court record provided by respondent establishes, however, that petitioner's judgment of conviction was dated August 10, 2020, in Case No. 2020-CR-188.  (Doc. 7, Ex. 5, at PageID 74).

procedurally defaulted and/or non-cognizable claims.

## I.     PROCEDURAL HISTORY

### State Convictions and Sentence

On May 6, 2020, the Muskingum County, Ohio, grand jury returned a three-count indictment charging petitioner with one count of drug trafficking (Cocaine) (Count One), one count of possession of drugs (Cocaine) in an amount equal to or exceeding 100 grams (Count Two), and one count of using a vehicle with a hidden compartment with the intent to facilitate the unlawful concealment or transportation of a controlled substance (Count Three).  (Doc. 7, Ex. 1, at PageID 57-58).  The drug-trafficking and possession counts each carried a major-drug-offender and a forfeiture-of-vehicles specification.  (*Id.*).  Petitioner, through counsel, initially entered a plea of not guilty on all counts.  (Doc. 7, Ex. 2, at PageID 61).  On June 22, 2020, however, petitioner withdrew his original plea of not guilty and entered a plea of guilty to Counts One and Three of the indictment.  (Doc. 7, Ex. 3, at PageID 64).  The State later dismissed Count Two.  (Doc. 7, Exs. 6, 7, at PageID 79, 81).

On August 10, 2020, petitioner was ordered to serve a sentence of a minimum of 17 years and a maximum of 22½ years in the Ohio Department of Corrections.  (Doc. 7, Ex. 5, at PageID 74).  The trial court also notified petitioner of the imposition of five years of post-release control upon his release from prison.  (*Id.*).  On December 11, 2020, the trial court issued a *nunc pro tunc* entry to correct the VIN number on a utility trailer subject to forfeiture.  (Doc. 7, Ex. 8, at PageID 83).[2]

---

[2]Because the December 11, 2020 *nunc pro tunc* entry merely corrected a clerical error regarding the VIN number on the utility trailer, without imposing any "new, worse-than-before sentence," it did not amount to a new judgment that would restart the limitations period under 28 U.S.C. § 2244(d)(1)(A).  *See Kelley v. Hall*, No. 3:19-CV-01041, 2021 WL 927641, at *3 (M.D. Tenn. Mar. 11, 2021) (citing *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016)).  Moreover, the December 11, 2020 entry was entered approximately 18 months before petitioner filed his motion for a delayed appeal and thus would not alter the Court's statute-of-limitations analysis in any event.

**Motion For Delayed Appeal**

Petitioner did not pursue a timely appeal from his conviction and sentence.  (*See* Doc. 8, at PageID 132).  On August 30, 2022, approximately two years after the final judgment of conviction and sentence was entered on the record, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals, Fifth Appellate District. (Doc. 7, Ex. 9, at PageID 87-89).  On September 27, 2022, the Ohio Court of Appeals summarily overruled petitioner's motion for leave to appeal on the ground that petitioner had failed to provide sufficient reasons justifying the delay.  (Doc. 7, Ex. 12, at PageID 102).  The appellate court subsequently denied petitioner's motion for reconsideration.  (Doc. 7, Ex. 14, at PageID 109).  Petitioner then pursued an appeal to the Ohio Supreme Court.  (Doc. 7, Exs. 15, 16, at PageID 111-23).  On February 14, 2023, the Ohio Supreme Court declined jurisdiction to hear the case.  (Doc. 7, Ex. 17, at PageID 127).

## II.   FEDERAL HABEAS PROCEEDINGS

In July 2023, petitioner filed the instant habeas petition.  The petition contains the following four grounds for relief:

> **GROUND ONE**:  Flawed Indictment which was void where Grand Jury Foreman [f]ailed to follow State Mandate, Mandate endorsing a True Bill.
>
> **Supporting Facts**: Indictment was prefabricated, the words A TRUE BILL was on the Indictment before the Grand Jury [c]onvened.
>
> **GROUND TWO**:  Entrapment.
>
> **Supporting Facts**: This [c]ase is the [b]rainchild of the State of Ohio, Musking[um] County Sheriff's Department initiated by Informant Dwight Taylor who called Ronald W. Cooper at his residence in Texas, who had no disposition to sell drugs.
>
> **GROUND THREE**:  There was no evidence to support finding of guilty for the [s]pecification of a major [d]rug [o]ffender.

**Supporting Facts**:  The trial court failed to submit any evidence that Ronald W. Cooper was major [d]rug [o]ffender.

**GROUND FOUR**:  Ineffective [a]ssistance of [t]rial [c]ounsel who failed the advers[arial] cha[llenge] to present a fair trial.

**Supporting Facts**: Did not challenge the original Indictment, never challenged the [s]pecification, or senten[cing] which was same animus. Did not fairly represent his/her [c]lient with the [l]etter of the existing law.  Left the client without fair representation.

(Doc. 3, at PageID 34-39).

## III.  THE MOTION TO DISMISS (DOC. 8) SHOULD BE GRANTED BECAUSE THE PETITION (DOC. 3) IS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

pursuant to the judgment of a state court must file an application for a writ of habeas corpus

within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the

pendency of a "properly filed" application for state post-conviction relief or other collateral

review.

There is no evidence in the record to suggest that the provisions set forth in

4

§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief.  Petitioner has not alleged that a state-created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case.  Furthermore, petitioner's alleged grounds for habeas relief occurred prior to his convictions and were either known or discoverable through the exercise of due diligence before the conclusion of his guilty-plea proceedings.  Therefore, petitioner's federal habeas petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's August 10, 2020 convictions became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's convictions became final on September 9, 2020, upon the expiration of the 30-day period for filing a direct appeal from the trial court's judgment of conviction and sentence.  *See* Ohio R. App. P. 4(A).  Petitioner's unsuccessful motion for leave to file a delayed appeal filed on August 30, 2022 did not affect the finality determination under 28 U.S.C. § 2244(d)(1)(A) or otherwise serve to restart the running of the clock.  *See, e.g., Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459-60 (6th Cir. 2012) (rejecting the petitioner's argument that his conviction did not become final under § 2244(d)(1)(A) until after his motion for delayed appeal was denied by the Ohio Supreme Court); *Quillen v. Warden, Marion Corr. Inst.*, No. 1:12cv160, 2013 WL 1315089, at *5 (S.D. Ohio Mar. 29, 2013) (Barrett, J.) (and numerous cases cited therein) (holding that the magistrate judge had "correctly found" that the petitioner's motions for delayed appeal to the Ohio Court of Appeals and Ohio Supreme Court "did not restart the running of the statute of limitations under § 2244(d)(1)(A)"). Therefore, under the § 2244(d)(1)(A) limitations provision, the statute of limitations would have commenced running on September 10, 2020, one day after the expiration of the direct appeal

period, *see* Fed. R. Civ. P. 6(a), and expired one year later on September 10, 2021, absent the application of statutory or equitable tolling principles.

       1.     *Statutory tolling does not apply.*

      The statute of limitations is tolled for any period in which a properly filed petition for post-conviction relief "or other collateral review with respect to the pertinent judgment or claim" is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (quoting 28 U.S.C. § 2244(d)(2)). The statutory tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

      While a pending motion for delayed appeal in the Ohio court of appeals can toll the limitations period, the Ohio court of appeals' denial of such a motion doesn't restart the one-year limitations period. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). As such, the limitations period didn't restart when the Ohio Court of Appeals denied petitioner's motion for delayed appeal. *See id*. And because petitioner filed his motion for delayed appeal after his one-year limitations period had already expired, there was nothing left for petitioner's motion to toll. *See Vroman*, 346 F.3d at 602.

       2.     *Equitable tolling does not apply*.

      Petitioners may also be entitled to "equitable tolling" when they have been "pursuing [their] rights diligently" and "some extraordinary circumstance" prevented them from timely filing their habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, the doctrine of equitable tolling is used sparingly. *Jurado*, 337 F.3d at 642. Further, petitioners bear the burden of "persuading the

6

court" that they are entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

As set forth above, petitioner did not respond to respondent's motion to dismiss. Even assuming, however, that he would reassert the bases for delay that he raised in his state-court motion for leave to file a delayed appeal, petitioner has not established that he is entitled to equitable tolling. As the state court of appeals noted, petitioner asserted in his motion for a delayed appeal that "he did not have an attorney and did not know how to pursue an appeal." (*See* Doc. 7, Ex. 12, at PageID 102). But a pro se petitioner's lack of legal knowledge is inadequate to meet the equitable tolling standard. *Keeling*, 673 F.3d at 464. And "his failure to secure representation does not constitute an extraordinary circumstance justifying equitable tolling because . . . pro se status is not an extraordinary circumstance." *Green v. Warden, Chillicothe Corr. Inst.*, No. 1:20-CV-381, 2023 WL 8797879, at *9 (S.D. Ohio Dec. 20, 2023). Nor has petitioner, who did not take any state action until approximately two years after his convictions became final, shown that he was diligent. *See id*.

3.      *Actual innocence exception does not apply.*

Finally, petitioner makes no claim of actual innocence of the charges of conviction, such that the Court could reach the merits of his petition despite its untimeliness. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (allowing that actual innocence can operate in rare cases as an "equitable exception to § 2244(d)(1)," rather than grounds for tolling).

Accordingly, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, the motion to dismiss (Doc. 8) should be **GRANTED** and the petition for a writ of habeas corpus (Doc. 3) should be **DISMISSED** with prejudice. Because the undersigned concludes that dismissal is appropriate on statute-of-limitations grounds, the

undersigned does not reach respondent's alternative arguments that the petition is subject to dismissal because it contains procedurally defaulted and/or non-cognizable claims.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling that such claims are subject to dismissal on statute of limitations grounds.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## <u>PROCEDURE ON OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

---

[3]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


July 19, 2024                                    *s/Stephanie K. Bowman*
                                                 STEPHANIE K. BOWMAN
                                                 United States Magistrate Judge